**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARYLYN MARCIAL-DELIMA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 16-2631 |
| EASTON DOUGHNUTS, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

STENGEL, J. March 22, 2017

Plaintiff Marylyn Marcial-Delima brings federal and state employment discrimination claims against Easton Doughnuts, Raj Saraswati, and Raghu Yeddulapalli, alleging gender-based discrimination and retaliation. Easton Doughnuts, Saraswati, and Yeddulapalli filed a motion to dismiss the respective claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is granted in part and denied in part.

## I. FACTUAL BACKGROUND

The plaintiff was formerly employed as a general manager at Easton Doughnuts. (Am. Compl. ¶ 8.) Saraswati was the owner and managing member for Easton Doughnuts, and Yeddulapalli was the district manager. (Id. ¶¶ 10–11.) In October 2013, Easton Doughnuts purchased the Dunkin Donuts store where the plaintiff worked as a general manager, and retained all the employees working at that store, including the plaintiff. (Id. ¶¶ 15, 17.) The plaintiff had a good work record and competently and properly performed her job duties, but

Saraswati and Yeddulapalli immediately began to discriminate against her and treat her in a disparate manner "based on their stereotypical views of women and belief that women should be passive, quiet, and subservient." (Id. ¶¶ 16, 18.) The plaintiff specifically alleges the following harassment and discriminatory conduct:

> (1) verbal abuse for not being prim and proper, being too aggressive, not being submissive, and not acting in the manner Saraswati and Yeddulapalli expected a woman to act;
>
> (2) subjecting her to hyper-criticism and hyper-scrutiny for manufactured and baseless reasons relating to her job performance;
>
> (3) calling her "hopeless" and making derogatory comments about her intelligence; and
>
> (4) refusing to provide her with the assistance and resources to properly and effectively perform her job duties.

(Id. ¶ 19.)

The plaintiff reported and complained of the defendants' harassment and discrimination by objecting to their conduct and by informing Yeddulapalli that they were creating a hostile work environment. (Id. ¶ 20.) In response, Yeddulapalli laughed at her and dismissed her complaints without taking any remedial action. (Id. ¶ 21.) Afterward, the harassment and discrimination continued. (Id.)

The plaintiff alleges that she was terminated on or about January 2, 2014 in retaliation for her having engaged in protected conduct by reporting gender-based harassment and discrimination. (Id. ¶ 22.) The stated reason for her termination was deficient job performance, but the plaintiff alleges that this reason is manufactured and pretextual because Saraswati and Yeddulapalli held the plaintiff to a higher standard than they would have done if she were a man, and refused to provide her with the assistance and resources that she needed in order to properly and effectively perform her job duties. (Id. ¶ 23.) The plaintiff believes that she was set up to

fail in order to conceal Saraswati's and Yeddulapalli's discriminatory and retaliatory animus. (Id. ¶ 24.)

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of

complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

The defendants move to dismiss all of the plaintiff's claims against them for failure to state a claim under Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). Having considered the amended complaint and the parties' briefs, I find that the plaintiff has not sufficiently stated a Title VII hostile work environment claim, and that claim is dismissed without prejudice. She has sufficiently stated her other claims, however, and the defendants' motion to dismiss is therefore denied in all other respects. The defendants' motion for a more definite statement is also denied.

**A. Count One: Violations of Title VII**

The plaintiff sets forth a claim against Easton Doughnuts pursuant to 42 U.S.C § 2000(e), *et seq.*,[1] for (1) fostering and perpetuating a hostile and offensive work environment; (2) retaliating against her because of her expressed opposition to offensive gender-related conduct in the workplace;[2] and (3) subjecting her to more onerous working conditions and treating her in a disparate manner based on her gender. (Am. Compl. ¶¶ 1, 28.)

**1. Hostile Work Environment**

"To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of respondeat superior liability." Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013) (internal citation omitted). "The first four elements establish a hostile work environment, and the fifth element determines employer liability." Id. (internal citation omitted). "For a hostile work environment claim to succeed, the conduct complained of must be adverse, severe, pervasive or regular and of the kind that would have detrimentally affected a reasonable person in like circumstances." Harley v. U.S. Sec'y of Treasury, 444 F. App'x 594, 595 (3d Cir. 2011) (citing Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009)).

[1] The plaintiff set forth the necessary threshold allegations to state a Title VII claim, as well as her state law discrimination claims discussed below. (See Am. Compl. ¶¶ 4–7, 9–14.)

[2] Because the plaintiff included a separate Title VII retaliation claim in Count Two, I do not address the retaliation aspect of her claim in Count One.

In evaluating a hostile work environment claim, courts must be mindful of the Supreme Court's caution that "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" are not sufficient to state a claim. Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal citations and quotations omitted). "To determine whether an environment is hostile, a court must consider the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Mandel, 706 F.3d at 168 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

The allegations in the plaintiff's amended complaint do not rise to the level of conduct that would support a hostile work environment claim. While she alleges that she was treated poorly because of her gender and that the defendants engaged in "verbal abuse" (Am. Compl. ¶ 19), she does not set forth sufficient facts to support a claim that requires severe or extreme conduct. See Raffaele v. Potter, No. Civ.A. 09-3622, 2012 WL 33035, at *5 (E.D. Pa. Jan. 6, 2012) ("[A] claim for hostile work environment is based on the "pervasiveness" of the employer's discriminatory conduct and is fundamentally different from a claim for disparate treatment, which focuses on discrete events.") (citing Harley, 444 F. App'x at 595); see also Martinelli v. Penn Millers Ins. Co., 269 F. App'x 226, 230 (3d Cir. 2008) (finding that "scrutiny of [the plaintiff's] work, while unpleasant and annoying, did not create the sort of hostile work environment that would satisfy Title VII's anti-retaliation provision."). Accordingly, the defendants' motion to dismiss is granted with respect to the hostile work environment claim in count one, and I will dismiss that claim without prejudice.[3]

[3] The United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative

**2. Gender Discrimination**

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S .C. § 2000e-2(a)(1). Here, the plaintiff alleges that she was discriminated against on the basis of her gender.

In an employment discrimination case, claims are governed by the three step burden-shifting framework developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas model, the plaintiff is first required to set forth sufficient evidence to establish a *prima facie* case. "Under that familiar test, the plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination. Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas, 411 U.S. at 802; Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1066 n.5 (3d Cir. 1996) (en banc)).

The plaintiff is a woman who alleges that she was qualified for her position as a general manager and that she was terminated. She has therefore satisfied the first three elements of a *prima facie* case of gender discrimination. As to the fourth element, the plaintiff specifically alleged that she was discriminated against due to stereotypical views of women as well as a

---

amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility. Id. at 236. This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request. Id. at 235.

belief that women should be passive quiet, and subservient;[4] that she was verbally abused for being aggressive rather than submissive; and that she was held to a higher standard than a man would have been. She further alleged that, following this treatment and her complaints about the way she was treated, she was terminated. Thus, she has adequately pled a *prima facie* case of gender discrimination in connection with her termination.[5] The defendants' motion to dismiss the gender discrimination claim in count one is therefore denied.

**B. Count Two: Retaliation Under Title VII**

The plaintiff next sets forth a claim against Easton Doughnuts for retaliation under Title VII, alleging that Easton Doughnuts took adverse employment action against her under circumstances creating an inference of discrimination and retaliation. (Am. Compl. ¶¶ 31–32.)

"To establish a prima facie case of retaliation under Title VII, a plaintiff must tender evidence that: '(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006), as amended (Sept. 13, 2006) (quoting Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)). "Protected activity under Title VII includes

[4] The defendants assert that the plaintiff's allegations are conclusory and "riddled with invective racial bias" towards Saraswati and Yeddulapalli and "perpetuat[e] a stereotype that Indian men discriminate against women." (Defs.' Mem. Supp. Mot. Dismiss 7.) The plaintiff responds that her belief that she was being treated differently than men was not based on an "alleged bias towards Indian men but based on the specific and overt actions of Saraswati and Yeddulapalli, as males, in how they treated her," and that she did not merely allege "the assumption of a stereotype." I note only that I am aware of the defendants' assertion, and do not otherwise address it.

[5] The defendants argue that the plaintiff's amended complaint should be dismissed because she "has only pleaded critique and has not pleaded any facts to allege disparate treatment towards women" and used only generalizations and conclusory statements to support her claims. (Defs.' Mem. Supp. Mot. Dismiss 7.) These characterizations are inaccurate, as the plaintiff gave examples of the types of discriminatory treatment she allegedly received, and also alleged that she was held to a higher standard than if she were a man.

opposition to unlawful discrimination under Title VII." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir. 2008) (citing Moore, 461 F.3d at 340.) "The employee must have an 'objectively reasonable' belief that the activity s/he opposes constitutes unlawful discrimination under Title VII." Wilkerson, 522 F.3d at 322 (quoting Moore, 461 F.3d at 340).

Here, the plaintiff alleged that she complained of treatment she perceived as gender-based discrimination, and that after she complained her employment was terminated. These allegations are sufficient to establish a *prima facie* case of retaliation. The defendants' motion to dismiss count two is therefore denied.

### C. Count Three: Negligence Under Title VII

The plaintiff next asserts that Easton Doughnuts is liable for negligence under Title VII. She alleges that Easton Doughnuts owed her a duty in all aspects set forth in Paragraph Thirty-Five of the Amended Complaint, but that it failed to perform its duty in the following manner:

> (1) failing to implement an effective, well-known and uniformly enforced policy against gender-based harassment, discrimination, and retaliation;
>
> (2) failing to properly investigate her complaints of gender-based harassment, discrimination, and retaliation;
>
> (3) failing to take any action reasonably calculated to remedy her complaints of gender-based harassment, discrimination, and retaliation;
>
> (4) failing to impose any discipline upon its employees who had engaged in gender-based harassment, discrimination, and retaliation;
>
> (5) failing to take reasonable actions to discover illegal gender-based harassment, discrimination, and retaliation by its employees; and
>
> (6) failing to take reasonable actions to prevent illegal gender-based harassment, discrimination, and retaliation.

(Am. Compl. ¶¶ 35–36.)

The defendants argue that count three should be dismissed "inasmuch as it is an attempt to raise a separate cause of action for general tort and not merely a theory of relief under Title VII." (Defs.' Mem. Supp. Mot. Dismiss 11.) The plaintiff responds that she asserts the negligence claim in count three pursuant to Title VII, and not as a separate common law negligence claim. (Pl.'s Resp. Opp'n 14.) To the extent that the plaintiff is asserting that Easton Doughnuts was negligent in the ways just described—and that such negligence entitles her to relief from Easton Doughnuts under Title VII—she may do so. See, e.g., King v. Lehigh Univ., No. Civ.A 06-4385, 2007 WL 211278, at *2 (E.D. Pa. Jan. 23, 2007) (considering a nearly identical claim and stating that "[a]lthough perhaps more properly thought of as an alternative theory of liability under Title VII, Plaintiff's negligence count is viable.") Accordingly, the defendants' motion to dismiss count three is denied.

**D. Count Four: Violations of the Pennsylvania Human Relations Act**

The plaintiff alleges that Easton Doughnuts violated the Pennsylvania Human Relations Act, 43 Pa. C. S. § 951 *et seq.* ("PHRA") by discriminating against her and retaliating against her for repeatedly reporting gender-based harassment, discrimination, and retaliation. (Am. Compl. ¶ 39.) "The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably." Weston v. Pennsylvania, 251 F.3d 420, 425 n.3 (3d Cir. 2001), overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). As stated above, the plaintiff has established a *prima facie* case for gender discrimination under Title VII. Thus, for the same reasons discussed above in connection with that claim, the defendants' motion to dismiss count four is denied.

**E. Count Five: Retaliation in Violation of the PHRA**

The plaintiff next alleges that Easton Doughnuts retaliated against her for exercising her rights under the PHRA, thereby violating the PHRA. (Am. Compl. ¶ 42.) As stated above, the plaintiff has stated a claim for retaliation under Title VII. Accordingly, and for the same reasons discussed above with respect to that claim, the defendants' motion to dismiss count five is denied.

**F. Count Six: Aiding and Abetting Discrimination and Retaliation**

Finally, the plaintiff asserts a claim for aiding and abetting discrimination in violation of the PHRA against Saraswati and Yeddulapalli. "The PHRA makes it unlawful '[f]or any person, employer, . . . or employe[e], to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . . .'" Wilkerson, 522 F.3d at 323 (quoting 43 Pa. Cons. Stat. Ann. § 955(e)).

The plaintiff alleges that Saraswati and Yeddulapalli discriminated against her and retaliated against her for reporting gender-based harassment, discrimination, and retaliation, and that they (1) knew or had reason to know of the actions and inactions alleged in the amended complaint and/or personally participated in some of those actions; and (2) aided and abetted Easton Doughnuts' illegal conduct. (Am. Compl. ¶¶ 46–47.) She further alleges that Saraswati and Yeddulapalli, as supervisors, are personally liable under the PHRA for aiding and abetting the unlawful conduct described in the amended complaint. (Id. ¶ 48.) The allegations regarding the conduct of Saraswati and Yeddulapalli set forth in the amended complaint are, therefore, sufficient to state a PHRA claim for aiding and abetting discrimination. Accordingly, the defendants' motion to dismiss count six is denied.

### G. Punitive Damages

In her amended complaint, the plaintiff sets forth a "Statement of Facts Justifying the Imposition of Punitive/Liquidated Damages" which alleges that Easton Doughnuts, Saraswati, and Yeddulapalli (1) knew or should have known of the discrimination against her as described throughout the amended complaint, and that it was occurring in violation of the law; (2) failed to investigate, discipline, or discharge those responsible; (3) failed to properly protect and support her and instead permitted her to experience retaliation and discrimination; and (4) acted willfully, wantonly, recklessly, and with an outrageous disregard and indifference to her rights, safety, and well-being. (Am. Compl. ¶¶ 50–55.)

The plaintiff asserts that she is entitled to recover punitive damages pursuant to 42 U.S.C. § 1981a, which states that "[a] complaining party may recover punitive damages under this section against a respondent . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999).

In addition to her allegations concerning the defendants' discriminatory conduct, the plaintiff also alleged that she reported and complained of gender-based discrimination and harassment to Yeddulapalli and informed him that they were creating a hostile work environment in violation of the law.[6] She has, therefore, alleged that the defendants knew or should have

[6] The defendants argue that the plaintiff has not set forth a basis to show malice or reckless indifference to her federally protected rights, and that her punitive damages claim should be dismissed because her allegations "do not rise to the level of punitive damages." The defendants appear to confuse 42 U.S.C. § 1981a, which focuses on whether the respondent to a

known that they "may be acting in violation of federal law." The defendants' motion to dismiss the plaintiff's claim for punitive damages is therefore denied.

### H. Compensatory Damages

The defendants assert that the plaintiff has failed to plead a cause of action for the receipt of compensatory damages. This assertion is incorrect, as the plaintiff has alleged throughout the amended complaint that she suffered emotional, psychological, and physical distress; that her career, professional opportunities, and job opportunities have been impaired and damaged; that she suffered a loss of earnings and earning capacity; that she suffered a loss of self-esteem; that she is seeking back pay, front pay, and interest; and that she has suffered monetary damages. (Am. Comp. ¶¶ 25–26, 29, 33, 37, 40, 43, 49.) Despite these specific damage allegations, the defendants inaccurately characterize them as "mere boilerplate allegations with no averment of an actual injury or actual loss." (Defs.' Mem. Supp. Mot. Dismiss 15.) The plaintiff has, however, included allegations which are sufficient to deny the defendants' motion to dismiss her claim for compensatory damages.

### I. Motion for a More Definite Statement

The defendants request in the alternative that I require the plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

---

discrimination claim acted with malice or reckless indifference to an employee's federal rights, with the typical punitive damages context which requires that a defendant's conduct be egregious. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999) ("While egregious misconduct is evidence of the requisite mental state, . . . § 1981a does not limit plaintiffs to this form of evidence, and the section does not require a showing of egregious or outrageous discrimination independent of the employer's state of mind.") (internal citations omitted).

Furthermore, the fact that the plaintiff has not sufficiently stated a claim for hostile work environment is not fatal to her claim for punitive damages more generally, because her punitive damages allegations concern the defendants' knowledge that they may have been acting in violation of federal law. The plaintiff's subjective belief that she was being subjected to a hostile work environment at that time, and that she communicated that belief to her supervisors who allegedly continued to discriminate against her, is sufficient at this stage of litigation.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . . [t]he motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A Rule 12(e) motion is "appropriate when the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co., Inc. (R&M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d, § 1376 (1990) (citing Hicks v. Arthur, 843 F. Supp. 949, 954 (E.D. Pa. 1994))). "The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small—the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." Id. (quoting 5A Wright & Miller § 1376 at 577). "The basis for granting such a motion is unintelligibility, not lack of detail." Id. (quoting Wood & Locker, Inc. v. Doran and Assocs., 708 F. Supp. 684, 691 (W.D. Pa. 1989)). "[I]f the granting of a Rule 12(e) motion increases the time and effort to refine the pleadings without circumscribing the scope of discovery or defining the issues, then such a motion is not appropriate." Hicks, 843 F. Supp. at 959 (quoting 5A Wright & Miller § 1376 at 578).

The plaintiff's amended complaint is not so vague, ambiguous, or unintelligible that the defendants cannot frame a responsive pleading. The time frame at issue, the nature of the alleged violations, and the individuals alleged to have committed those violations, are all sufficiently clear from the amended complaint. Accordingly, the defendants' motion for a more definite statement pursuant to Rule 12(e) is denied.

## IV.     CONCLUSION

In light of the foregoing, the defendants' motion to dismiss is granted without prejudice with respect to the plaintiff's hostile work environment claim in count one.  Their motion to dismiss is denied in all other respects.  The defendants' motion for a more definitive statement is denied.

An appropriate Order follows.